911 F.2d 732
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vasco HOWARD, Plaintiff-Appellant,
v.
Richard P. SEITER, Terry L. Morris, Supt., F. Stenly, Earl
Kelly, Lt., Defendants-Appellees.
 No. 89-3812.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner moves for the appointment of counsel in his appeal from the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. He also appeals the district court's order dismissing claims against defendants Seiter and Morris as frivolous. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Vasco Howard claimed a denial of due process, inadequate medical care, interference with his right of access to the court, and loss of personal property. He requested declaratory, injunctive and monetary relief.
 
 
 4
 Upon review, we conclude that claims against Director Seiter and Superintendent Morris were properly dismissed as frivolous under 28 U.S.C. Sec. 1915(d). See Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989).
 
 
 5
 We further conclude that there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law on Howard's claims that he was denied due process at a disciplinary hearing, that defendants interfered with his right of access to the courts and that defendants deprived him of his property. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). However, we also conclude that there remains a genuine issue of material fact concerning Howard's claim that he was denied adequate medical care.
 
 
 6
 Defendants are entitled to summary judgment on the due process claim arising from the disciplinary hearing because Howard received all the process to which he was entitled. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 7
 Summary judgment was proper on Howard's claim that defendants interfered with his right of access to the courts because he cannot show prejudice to the underlying litigation. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 8
 Howard is not entitled to relief on his claim that he was deprived personal property without due process because his allegation of negligence is insufficient to invoke due process protections. See Davidson v. Cannon, 474 U.S. 344 (1986); Jones v. Sherrill, 827 F.2d 1102, 1106 (6th Cir.1987).
 
 
 9
 However, summary judgment was not appropriate on Howard's claim that he was denied adequate medical care. An eighth amendment claim may be established by showing a deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Howard alleged that defendant Stanley (whom he identifies as "Stenly") was deliberately indifferent to his needs for prescription medication. The medication was allegedly taken from him on September 28, 1987, when Howard was transferred from one cell to another. He alleged that he repeatedly pleaded with Stanley for the medication, telling defendant of his need. Stanley allegedly refused outright to make any efforts to recover the medication on behalf of Howard. Perhaps due to an ambiguity in the pro se pleadings, defendants asserted only that Howard was not denied his medication on September 3 and 4, 1987. Howard does not claim a denial of care on September 3 and 4. Because pleadings prepared by a pro se litigant must be liberally construed, see Haines v. Kerner, 404 U.S. 519 (1972), we remand the matter to the district court for further proceedings on this claim.
 
 
 10
 Accordingly, the motion for appointment of counsel is denied. The district court's order dismissing claims against defendants Seiter and Morris and the judgment dismissing claims against Kelly are hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. Summary judgment on the claim of inadequate medical care brought against Stanley is vacated and the case is hereby remanded for further proceedings. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation